UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
ROBERT DANIEL THOMPSON,

                        Plaintiff,                9:09-CV-1379
                                                     (GLS/DRH)

   v.

SHERIFF JAMES A. CAMPBELL, Albany County;
JANE & JOHN DOES, Deputy Sheriffs, Albany County;
JANE & JOHN DOES, Sergeants and Lieutenants,
Albany County,

                        Defendants.

APPEARANCES:                       OF COUNSEL:

ROBERT DANIEL THOMPSON
Plaintiff, *pro se*

OFFICE OF ROBERT P. ROCHE        ROBERT P. ROCHE, ESQ.
Attorney for Defendants

GARY L. SHARPE
U.S. DISTRICT JUDGE

## DECISION AND ORDER

**I.     Introduction**

     Plaintiff Robert Daniel Thompson commenced this civil rights action pursuant to 42 U.S.C. § 1983 on December 9, 2009. In his complaint, Thompson claimed that the area of the Albany County Correctional Facility in which he was housed during the period June 16, 2006 though October 4, 2006 was "perpetually in ruin" due to leaking pipes, lack of adequate drainage, and persistent mold and mildew. Dkt. No. 1 at 7. According to Thompson, the conditions of his confinement constituted cruel and unusual punishment in violation of his Eighth Amendment rights. *Id.* at 5.

     By Order filed January 11, 2010 (the "January Order"), Thompson was afforded an opportunity to file an amended complaint demonstrating that the claims in this action were

timely filed. Dkt. No. 6 at 5.[1] As noted in the January Order, Thompson's claims arising out of his confinement at Albany County Correctional Facility accrued no later than October 4, 2006, the date of his transfer to the state prison system. *See* Dkt. No. 1 at 7. Because this date is prior to the start of the three year limitations period for claims which properly may be asserted in this action, *i.e.*, December 4, 2006, the Court advised that the complaint was not timely-filed unless Thompson is able to demonstrate that the limitations period is subject to equitable tolling. *Id.* at 3-5.

Thompson's submission in response to the January Order is before this Court for review. Dkt. No. 8.[2] Also before this Court is a submission on behalf of the named defendants urging the dismissal of this action as time-barred. Dkt. No. 9.[3]

Upon due consideration, and for the reasons set forth below, the Court finds that Thompson has failed to submit a pleading which states a claim upon which relief may be granted and hereby dismisses this action, without prejudice, pursuant to 28 U.S.C. § 1915(e).

## II. Discussion

As discussed in the January Order, actions brought pursuant to 42 U.S.C. § 1983 asserting claims arising in New York must be brought within three years of the date the

---

[1] Thompson was also granted leave to proceed with this action *in forma pauperis*. *Id.* at 5.

[2] Although submitted beyond the thirty day period afforded by the Court in the January Order, Thompson's submission was accepted for filing and has been considered on its merits.

[3] Defendants have appeared through counsel. Dkt. No. 9. Service of process has not been effected on the named defendants.

cause of action accrued.  *See* Dkt. No. 6 at 3.  A § 1983 cause of action accrues "when the plaintiff knows or should know of the injury that is the basis of the cause of action." *Covington v. City of New York*, 916 F.Supp. 282, 285 (S.D.N.Y. 1996) (citing *Woods v. Candela*, 13 F.3d 574, 575 (2d Cir. 1994)).  Thus, Thompson's cause of action accrued at the latest, on October 4, 2006 – the final date of his confinement Albany County Correctional Facility – and appears to be time-barred.

In light of Thompson's *pro se* status, the Court afforded him the opportunity to file an amended complaint demonstrating that this was a "rare and exceptional" case in which the doctrine of equitable tolling may be invoked to defeat a defense that the action was not timely filed.  Dkt. No. 6 at 4-5; *see Abbas v. Dixon,* 480 F.3d 636, 642 (2d Cir. 2007).  As the Second Circuit stated in *Abbas*, New York law recognizes the equitable tolling doctrine where a plaintiff demonstrates that he was induced by fraud, misrepresentations, or deception to refrain from timely commencing an action, and that the plaintiff acted with due diligence throughout the period to be tolled.  *Id.*; *see also Walker v. Jastremski,* 430 F.3d 560, 564 (2d Cir. 2005). Equitable tolling has been found to be appropriate "where the plaintiff actively pursued judicial remedies but filed a defective pleading during the specified time period," *Brown v. Parkchester S. Condos.,* 287 F.3d 58, 60 (2d Cir. 2002) (internal quotation marks omitted); where plaintiff was unaware of his or her cause of action due to misleading conduct of the defendant, *see Miller v. Int'l Tel. & Tel. Corp.,* 755 F.2d 20, 24 (2d Cir. 1985); or where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion, *see, e.g., Brown,* 287 F.3d at 60; *Canales v. Sullivan,* 936 F.2d 755, 758 (2d Cir. 1991).

In support of his argument that his action was timely filed, Thompson relies upon his

filing of a Notice of Intent to File a Claim ("Notice of Intent") on December 15, 2006. Dkt. No. 8 at 1. This Notice of Claim, a copy of which is attached to Thompson's submission, describes the conditions of confinement he experienced during his confinement in the Albany County Correctional Facility, and was served on the Albany County Sheriff and the Albany County Comptroller. *Id.* at 1 and ex. A. Thompson does not claim to have pursued his claims in state court.[4]

As the Second Circuit made clear in *Abbas v. Dixon*, however, "a plaintiff's pursuit of a state remedy, such as an Article 78 proceeding, does not toll the statute of limitations for filing a claim pursuant to section 1983. *See Meyer v. Frank,* 550 F.2d 726, 728-30 (2d Cir. 1977); *see also Williams v. Walsh,* 558 F.2d 667, 673 (2d Cir. 1977)." *Abbas*, 480 F.3d at 641. Accordingly, the mere fact that Thompson filed a Notice of Claim with Albany County affords no basis for tolling the limitations period for this action.

Moreover, Thompson has not made any showing that he "acted with reasonable diligence" during the time period he seeks to have tolled. *See Abbas*, 480 F.3d at 642. As noted, Thompson does not claim to have pursued his state law claim against Albany County, and has not set forth any facts which might explain, let alone excuse, his inaction for a period of nearly three years.

Furthermore, insofar as Thompson may be understood to claim that the filing of his Notice of Claim on December 15, 2006 operated to "restart" the limitations period such that his filing of the complaint in this action less than three years later was timely, that

---

[4] An action seeking damages for personal injury against a municipality, its officers, agents, servants or employees, must be commenced within one (1) year and ninety (90) days "after the happening of the event upon which the claim is based." N.Y. Gen. Mun. L. § 50-i(1)(a).

4

argument is without merit. *See, e.g., Grosz v. Museum of Modern Art*, 09 Civ. 3706, 2010 WL 88003, at *15 (S.D.N.Y. Jan. 6, 2010) (finding that plaintiff's cause of action accrued on July 20, 2005, and rejecting argument that defendant's action taken 182 days later to seek an outside opinion regarding the disputed property caused the claim to "unaccrue and restart the limitations clock at Day One."); *Abbas*, 480 F.3d at 641 (the discretionary reconsideration and reversal of a disciplinary decision does not restart the statute of limitations unless a new hearing is ordered and new evidence is received); *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (rejecting argument that the limitations period for filing habeas corpus petitions pursuant to 28 U.S.C. § 2254 was "reset" when the state court denied collateral relief, and noting that "[i]f the one-year period began anew ..., then state prisoners could extend or manipulate the deadline for federal habeas review by filing additional petitions in state court."). As the court stated in *Groz,* "[t]hat, of course, is not the way statutes of limitations work." *Groz*, 2010 WL 88003, at *26.

In sum, Thompson has not established that the doctrine of equitable tolling may be invoked in this case. Thompson has failed to demonstrate that he faced "extraordinary circumstances" which prevented him from timely filing this lawsuit or that he acted with reasonable diligence throughout the period which he seeks to toll. *See Chapman v. Choice Care Long Island Term Disability Plan,* 288 F.3d 506, 512 (2d Cir. 2002). Moreover, the Court is not persuaded that a third pleading is reasonably likely to cure the deficiencies in Thompson's prior pleadings so as to survive the scrutiny required under 28 U.S.C. § 1915(e). Accordingly, this action is hereby dismissed as time-barred. This dismissal is not an adjudication on the merits and is without prejudice.

**III.    Conclusion**

Wherefore, it is hereby

ORDERED that this action is **dismissed without prejudice** due to Thompson's failure to comply with the November Order and to file an amended complaint which states a claim upon which relief may be granted, see 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A; and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties.

IT IS SO ORDERED.

Dated: June 4, 2010
       Albany, New York

_____
Gary L. Sharpe
United States District Court Judge